**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| MARCELLA C. REED | : | |
| 61 Juniper Court | : | |
| Deptford Township, NJ 08096 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | Civil Action No. _____ |
| THE TRUSTEES OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA dba PENN MEDICINE | : | |
| 3451 Walnut Street, Room 329 | : | |
| Philadelphia, PA 19104 | : | |
| Defendant | : | |

_____

## **CIVIL COMPLAINT**

Plaintiff, Marcella C. Reed, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 - 963, the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. §2601 *et. seq.*, and 42 U.S.C.A. § 1981, with regard to discrimination, retaliation, the denial of a reasonable accommodation exemption request to a Covid-19 vaccine mandate, and other wrongful conduct, that/which ultimately resulted in Plaintiff's involuntary and wrongful termination from employment.  Plaintiff alleges and avers:

### **Parties**

1.      Plaintiff, Marcella C. Reed, is a fifty (50) year old adult African American / black female individual who was employed by Penn Medicine as a Certified Pharmacy Technician

from September 24, 2019 to May 12, 2022, when she was terminated after having taken a leave of absence, extended leave of absence, and having sought an accommodation exemption.

2.      Defendant, The Trustees of the University of Pennsylvania, doing business under the fictitious name Penn Medicine, is an entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above referenced address. Defendant was Plaintiff's employer.

3.      Defendant agreed, accepted, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C.A. §1331, and this Court has supplemental jurisdiction, 28 U.S.C.A. §1367, over the Pennsylvania state law causes of action.

5.      Venue is appropriate before this Court as Defendant resides and conducts business in the Eastern District of Pennsylvania.  (e.g. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia County).

6.      Plaintiff satisfied all prerequisites to bring these claims as she exhausted administrative remedies by having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission, ("PHRC") and received a Notice of Right to Sue.

## Summary of Facts

7.      Plaintiff worked for Defendant as a full-time Certified Pharmacy Technician from September 24, 2019 to May 12, 2022.

8. Plaintiff suffers from fibromyalgia which causes inflammation and gives her daily musculoskeletal pain in various body parts including knees, back, neck, elbows, and feet. She is also overweight, has blood pressure issues, and other related conditions.

9. Plaintiff's conditions substantially limit her ability to perform major daily activities including: performing manual tasks, sleeping, lifting, bending, concentrating, and working,

10. Upon her hire, Plaintiff was to fulfill a Pre-Employment Checklist of vaccinations, which included Chicken Pox, Hepatitis B, Measles, Mumps, Rubella, Tetanus, Diphtheria, Pertussis, Tuberculosis, Influenza, and others.

11. Plaintiff filed an accommodation exemption from the influenza vaccination, based on her disability. Her Primary Care Physician, Anthony Bonett, M.D., of Internal Medicine, Woodbury, New Jersey, signed off on Plaintiff's exemption request.

12. There were two basis for an exemption. One states the person has direct knowledge of a medical contraindication. Documentation of the prior adverse event or relevant medical condition must be provided. The second basis is what Plaintiff indicated: *"I do not have direct knowledge of a medical contraindication, and request exemption from influenza vaccination. The individual understands he/she must obtain documentation of the prior adverse event to submit with this form."*

13. Defendant approved Plaintiff's accommodation exemption for the influenza vaccine.

14. Plaintiff informed Defendant of her need for treatment and care, as a result of her disability, and need for infrequent leaves from work.

15. As such, at all times, Defendant was aware of Plaintiff's condition and disability.

16.     Sometime in 2021, Defendant mandated Covid vaccinations.

17.     Plaintiff filed a medical accommodation exemption for the Covid vaccine, due to her disability, which was signed by Dr. Bonett and submitted around June 23, 2021.

18.     The accommodation exemption form provided two basis for the exemption. Either there was direct knowledge of the individual's medical history and request for exemption, with documentation of a prior adverse event or relevant medical condition.  And the other basis, which is what Plaintiff indicated, was "*I do not have direct knowledge of this individual's medical history and request medical exemption from COVID-19 vaccination. The individual understands they must obtain documentation of the prior adverse event or relevant medical condition to submit with this form.*"  Dr. Bonett signed off on the exemption request.

19.     Defendant denied Plaintiff's accommodation exemption request, because it did not satisfy Defendant's criteria.

20.     One exemptions criteria was "documented diagnosis of multi-system inflammatory syndrome after acute COVID-19 illness."

21.     Plaintiff appealed the denial of her accommodation exemption request, and with her appeal she submitted reports discussing side-effects of the vaccine including joint pain, auto immune disease, stroke, acute myocardial infarction, and similar conditions.

22.     Plaintiff submitted information that testing of the vaccines on the African American community was not proportional to the population and far less than testing on the Whites/Caucasians.

23.     Plaintiff offered to wear a mask, undergo screening and temperature checks, and undergo frequent testing as part of her accommodation exemption request.

24.     Fibromyalgia   was   found   in   persons   recovering   from   Covid-19.
See https://pubmed.ncbi.nlm.nih.gov/34426540/#:~:text=Conclusion%3A%20Our%20data%20su
ggest%20that,post%2DCOVID%2D19%20FM.

25.     On September 2, 2021, Defendant granted Plaintiff's request for medical
exemption, for a limited period of time, to September 30, 2021.

26.     Defendant scheduled Plaintiff to meet with an allergist, which Plaintiff did.

27.     During the limited exemption time, Plaintiff received a letter from Defendant that
described Defendant's expectations of Plaintiff during the time she was exempt from the vaccine,
which included having a mask, daily completion of PennOpen Pass or other daily symptom
screening, weekly SARS-CoV-2 testing, eye protection, eat alone, and practice social distancing.

28.     On or about September 25, 2021, Plaintiff was infected by Covid-19.

29.     Plaintiff began missing work around September 27, 2021, which turned into an
extended leave of absence.

30.     Plaintiff was approved for a leave of absence under the Family and Medical
Leave Act from around September 28, 2021 through around December 1, 2021.

31.     Plaintiff was hospitalized from October 7, 2021 through October 12, 2021 and
diagnosed in relevant part:

> Ms. Reed is a 40-year-old female presented with hypoxemic respiratory failure
> secondary to Covid pneumonia.  Was not a candidate for remdesivir based off
> symptom onset, but was started on dexamethasone baricitinib.  Also started on
> doxycycline   and   Rocephin   versus   superimposed   bacterial   pneumonia.
> Pulmonology has been following and oxygen has been weaning down.  She was
> found to have acute right lower extremity DVT for which she was started on
> therapeutic Lovenox, and she is to transition to eliquis at discharge.
>
> Rest and exercise was performed prior to discharge and she met criteria for home
> O2 requirement.  Home oxygen has been arranged prior to discharge.  She will
> also be prescribed antibiotics to complete a total 7-day course as well as
> dexamethasone to complete a 10-day course.  Nebulizers and albuterol inhaler

will be ordered as well as she is participating in enhanced discharge program with pulse ox provided.

32.     During Plaintiff's stay in the hospital, Plaintiff was measured to have high blood pressure, 141/79 due to unknown cause, and as a result she was diagnosed with hypertension.

33.     Defendant was aware of Plaintiff's hospital stay, diagnosis, and condition.

34.     During Plaintiff's leave of absence her temporary accommodation exemption expired, and Plaintiff made a further exemption request on or about October 18, 2021.  Dr. Bonett signed off on the exemption request, which provided that Plaintiff had been recently infected by Covid-19 and had a diagnosis of multi-system inflammatory syndrome.

35.     Defendant granted Plaintiff's accommodation exemption request on a temporary basis, from November 11, 2021 through December 27, 2021.

36.     Plaintiff's recovery was significant.  Plaintiff was bed bound and on home oxygen.  She treated with her Primary Care Physician, Cardiologist, and Pulmonologist during this time.  Plaintiff underwent cardiopulmonary rehabilitation.

37.     During this time, Plaintiff was approved for Short Term Disability and Long Term Disability benefits through the third party administrator for Defendant's benefits, Unum.

38.     Plaintiff's return to work date was extended multiple times: January 21, 2022, March 14, 2022, and then May 2, 2022.

39.     Plaintiff was required to provide a doctor signed return to work notice before returning to work.

40.     In April of 2022, Plaintiff applied for an accommodation exemption believing her bought with Covid-19 and the resulting harms, and her disability, would make her a further candidate for exemption under Defendant's requirements.

41.     Plaintiff submitted, this time, along with her request for an accommodation exemption, the report of Robert Hudrick, D.O., of Rowan Medicine, which provided:

To whom it may concern:

Ms. Reed has opted to defer COVID 19 vaccination due to her concern about the vaccination while still experiencing symptoms of COVID 19 infection, and about the uncertainty of the vaccine's effect on her condition of fibromyalgia and the lack of scientific evidence supporting the vaccine's safety in patients with fibromyalgia.

42.     Plaintiff's recently diagnosis high blood pressure further was considered as part of the accommodation exemption request.

43.     Defendant denied Plaintiff's exemption request on April 21, 2022.

44.     Defendant terminated Plaintiff on May 12, 2022.

45.     Plaintiff believes Defendant has since conducted a study confirming potential side effects for persons with fibromyalgia and/or similar conditions.

46.     There is reasonable documentation of the Covid vaccine causing side effects to persons with fibromyalgia, and related conditions of: pain, redness, swelling, fatigue, fever, muscle pain, headaches, and nausea.  See

https://www.healthline.com/health/fibromyalgia/fibromyalgia-and-covid-vaccine#fibromyalgia-vaccine-benefits

47.     Defendant thus knew or should have known of potential side effects.

48.     Plaintiff alleges and believes Defendant discriminated against, retaliated against, and/or otherwise denied a reasonable accommodation in violation of her Federal and state rights.

49.     Plaintiff alleges and believes Defendant discriminated and retaliated against her related to her leave of absence and/or extended leave of absence.

50.     Plaintiff alleges and believes Defendant discriminated against her in denying the accommodation due to her race/color, and had treated other similarly situated employees more favorably.

**COUNT ONE**
**Discrimination, and Failure to Reasonably Accommodate**
*Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12102 et. seq.*
**Plaintiff v. Defendant**

51.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

52.     Defendant is an employer under the ADA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

53.     Plaintiff is a qualified individual with a disability as she has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment."   42 U.S.C.A. §12102(a) *and also* 29 C.F.R. §1630.2(g).

54.     Specifically, Plaintiff's fibromyalgia, blood pressure, and obesity limits and/or impairs her ability to work and/or perform everyday activities.

55.     Alternatively, Defendant perceived Plaintiff as disabled.

56.     Plaintiff requested a reasonable accommodation exemption from the Covid-19 vaccine and offered to undergo the other accommodations (i.e. masking, testing, symptom checks, eating alone, and eyewear).

57.     Defendant denied and approved Plaintiff, thus showing no hardship.

58.     Plaintiff was not a direct threat to patients or peers as she was willing to undergo the other protocols stated above.

59.     Defendant's failure and/or refusal to approve Plaintiff's request for an accommodation exemption, due to Plaintiff's disability and condition was discriminatory.

60.     Defendant's failure and/or refusal to approve Plaintiff's request for an accommodation exemption after her acute onset of Covid was against Defendant's policies and procedures and further discriminatory.

61.     Defendant does not have a reasonable argument regarding hardship or direct threat to deny Plaintiff the accommodation.

62.     Similarly situated non-disabled persons and persons outside Plaintiff's protected class were treated more favorably.

63.     Defendant hired and replaced Plaintiff with someone outside her protected classes.

64.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

65.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

66.     Alternatively, as Defendant considered Plaintiff's disability in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Marcella Reed, demands all relief from Defendant, Trustees of the University of Pennsylvania, recoverable under law and as deemed reasonable and just by the Court.

**COUNT TWO**
**Retaliation**
*Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12102 et. seq.*
**Plaintiff v. Defendant**

67.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

68.     Plaintiff engaged in protected activity when she requested accommodations and then we she took a leave of absence, and extended leave of absence, related to her disability.

69.     Defendant retaliated against Plaintiff by terminating her.

70.     Defendant retaliated against Plaintiff by denying her exemption request even after Plaintiff contracted Covid and suffered post Covid effects warranting an exemption to the vaccine.

71.     Defendant retaliated against Plaintiff for her extended leave of absence and requests and continued requests for a vaccine exemption.

72.     Defendant's foregoing negative and adverse actions and treatment were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

73.     Alternatively, evidence exists to show Defendant's foregoing negative and adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

74.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

75.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

76.     Alternatively, as Defendant considered Plaintiff's protected activity in the foregoing conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Marcella Reed, demands all relief from Defendant, Trustees of the University of Pennsylvania, recoverable under law and as deemed reasonable and just by the Court.

## COUNT THREE
### Wrongful Termination, Disparate Treatment, and Retaliation
*Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 - 963*
### Plaintiff v. Defendant

77.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

78.     Defendant is an employer under the PHRA because it is an employer in the Commonwealth of Pennsylvania and has the requisite number of employees to be subject to the PHRA.

79.     Under the PHRA it is an unlawful employment practice, among others, for an employer because of disability to discriminate or retaliate against a person.

80.     Defendant discriminated against, disparately treated, and/or retaliated against Plaintiff in having denied her accommodation and terminated her as alleged *Supra*.

81.     As a direct and proximate result of Defendant's discrimination and/or retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

82.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

83.     Plaintiff seeks payment of costs and reasonable attorney's fees.

84.     Alternatively, as Defendant considered and/or were motivated by wrongful discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Marcella Reed, demands all relief from Defendant, Trustees of the University of Pennsylvania, recoverable under law and as deemed reasonable and just by the Court.

**COUNT FOUR**
**Retaliation**
***Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. 2601 et. seq.***
**<u>Plaintiff v. Defendant</u>**

85.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

86.     Defendant has more than 50 employees for 20 or more calendar weeks a year and thus is required to provide Family and Medical Leave Act ("FMLA") to eligible/ qualified individuals.

87.     Plaintiff worked for Defendant for more than 12 months and had the requisite 1250 hours of work to be eligible for FMLA leave.

88.     Plaintiff was approved for FMLA leave during her leave from around September 28, 2021 through around December 1, 2021.

89.     Defendant retaliated against Plaintiff in violation of the FMLA by refusing her return to work, and then terminating her.

90.     Defendant retaliated against Plaintiff in violation of the FMLA by having made a return to work overly difficult, under the circumstances.

91.     Defendant retaliated against Plaintiff in violation of the FMLA by having refused Plaintiff an accommodation exemption when Plaintiff was eligible and exempt.

92.     The adverse decision was casually related to her leave.

93.     The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of liquidated damages.

94.     As a direct and proximate result of Defendant's discrimination, retaliation, and wrongful termination of Plaintiff, Plaintiff has been deprived economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses.

95.     Plaintiff demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

96.     In terminating Plaintiff, Defendant considered her leave of absence under the FMLA and thus under mixed-motive, Plaintiff is entitled to attorney's fees.

WHEREFORE, Plaintiff, Marcella Reed, demands all relief from Defendant, Trustees of the University of Pennsylvania, recoverable under law and as deemed reasonable and just by the Court.

## COUNT FIVE
### *Discrimination under 42 U.S.C.A. § 1981*
### Plaintiff v. Defendant

97.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

98.     Persons are guaranteed equal rights under the law and the Federal Statute, 42 U.S.C.A. § 1981, provides in relevant part:

(a)     All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)     For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c)     The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

99.     Employment is considered and deemed a property right protected under 42 U.S.C.A. 1981.

100.    Plaintiff is entitled to the rights and privileges of the United States Constitution, including the right to freely contract.

101.    Defendant intentionally and purposefully denied Plaintiff's accommodation exemption request, despite being eligible, and retaliated and terminated Plaintiff all as part of a practice of depriving African American/black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

102.    Defendant did not give African American/black employees equal consideration with regard to requests for reasonable accommodation exemption requests.

103.    Defendant denied Plaintiff equal rights by having denied her request for a vaccination exemption, under the circumstances, but having approved non-African American and non-black employees that were similarly situated.

104.    As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling her to equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

105.    Defendant acted with malice or reckless indifference to the rights of the Plaintiff and possibly other individuals, thereby entitling Plaintiff to an award of punitive damages.

106.    Defendant violated the above and Plaintiff suffered numerous damages as a result.

107.    Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S.C.A. § 1981.

108.    Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 U.S.C.A. §1981.

109.    Defendants have violated Plaintiff's rights, including property rights to employment, as a result of Defendant's wrongful and willful refusal of Plaintiff's accommodation exemption request as an African American/black applicant.

110.     Defendant terminated Plaintiff upon her return from a substantial leave of absence and made her return unduly difficult, due to her race/color, which was not the same treatment Defendant provided other similarly situated individuals under similar circumstances.

111.     As a direct and proximate result of Defendant's violation of Plaintiff's Constitutional Rights, the Plaintiff has been deprived economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses.

112.     Plaintiff has also suffered emotional pain, harms, and damages.

WHEREFORE, Plaintiff, Marcella Reed, demands all relief from Defendant, Trustees of the University of Pennsylvania, recoverable under law and as deemed reasonable and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: February 24, 2023