**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCELLA C. REED., Plaintiff, v. THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA dba PENN MEDICINE, Defendant. | CIVIL ACTION NO. 2:23-cv-00713 |

**ORDER**

AND NOW, this _____ day of ____________, 2023, upon consideration of the Motion of The Trustees of The University of Pennsylvania dba University of Pennsylvania Health System, incorrectly referred to as Penn Medicine, to Compel the Testimony of Dr. Asif M. Ilyas and to Amend the Scheduling Order, and Plaintiff's response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED and Dr. Asif M. Ilyas is ORDERED to sit for deposition no later than August __ 2023. It is further ORDERED that the deadlines in the Court's April 12, 2023 Order (Dkt. 13) as modified by the Court's May 31, 2023 Order (Dkt. 18) are modified as follows:

1. Paragraph 14 of the April 12, 2023 Order, as modified by the May 31, 2023 Order is amended to require dispositive motions and *Daubert* motions, if any, to be filed no later than 11 calendar days after the completion of Dr. Ilyas' deposition. Responses shall be filed no later than 14 days thereafter.
2. The deadlines in Paragraphs 17 through 20 of the April 12, 2023 Order shall be extended by a concomitant amount based on the date of filing of the dispositive motions and *Daubert* motions.

.

BY THE COURT:

______________________________

The Honorable Mark A. Kearney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCELLA C. REED.,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA dba PENN MEDICINE,<br><br>Defendant. | CIVIL ACTION NO. 2:23-cv-00713 |

**MOTION TO COMPEL THE TESTIMONY OF DR. ASIF M. ILYAS AND AMEND THE SCHEDULING ORDER**

Pursuant to Rules 37 and 16 of the Federal Rules of Civil Procedure, Defendant The Trustees of The University of Pennsylvania dba University of Pennsylvania Health System, incorrectly referred to as Penn Medicine, hereby moves this Court to compel the testimony of Dr. Asif M. Ilyas and amend the Court's April 12, 2023 scheduling Order (Dkt. 13) as modified by the Court's May 31, 2023 Order (Dkt. 18). The reasons for this motion are set forth in the attached Memorandum of Law.

Respectfully submitted,

Dated: July 27, 2023

s/ *Shannon D. Farmer*
Shannon D. Farmer (Atty. No. 82304)
Kyle I. Platt (Atty. No. 327596)
farmers@ballardspahr.com
plattk@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Attorneys for Defendant The Trustees of The University of Pennsylvania dba University of Pennsylvania Health System*

# TABLE OF CONTENTS


I. PROCEDURAL HISTORY ........................................................................................ 1
II. ARGUMENT ........................................................................................................ 4
A. The Court Should Compel Dr. Ilyas Must to Finish His Deposition Without the Payment of Additional Expert Witness Fees by Defendant................ 4
B. The Court Should Amend the Scheduling Order Based on the Delay Caused by Dr. Ilyas' Actions ........................................................................ 5
III. CONCLUSION ..................................................................................................... 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCELLA C. REED., <br> Plaintiff, <br> v. <br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA dba PENN MEDICINE, <br> Defendant. | CIVIL ACTION NO. 2:23-cv-00713 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THE TESTIMONY OF DR. ASIF M. ILYAS AND AMEND THE SCHEDULING ORDER**

Pursuant to Rules 37 and 16 of the Federal Rules of Civil Procedure, Defendant The Trustees of The University of Pennsylvania dba University of Pennsylvania Health System ("UPHS") incorrectly referred to as Penn Medicine, through its undersigned attorneys, submits this brief in support of their Motion to Compel the Testimony of Dr. Asif M. Ilyas and Amend the Scheduling Order. For the reasons set forth below, Defendant respectfully requests that this Court compel the testimony of Dr. Asif M. Ilyas without the payment of additional expert witness fees, and amend the scheduling order based on the delay in completing Dr. Ilyas' deposition.

## I. PROCEDURAL HISTORY

Marcella Reed ("Plaintiff") initiated this action by filing a Complaint on February 24, 2023. The Complaint contained five counts against UPHS. On May 30, 2023, the parties filed a joint stipulation to extend the discovery deadlines as listed in the Court's April 23, 2023 Order. Dkt. 17. The basis for the parties' request to extend the discovery deadlines was to provide additional time for Plaintiff's expert to generate a report. On May 31, 2023, the Court

approved the parties' joint stipulation to extend the discovery deadline to July 30, 2023 and extend the deadline for the parties to move for dispositive relief and to file motions to exclude experts to August 4, 2023. Dkt. 18.

Plaintiff submitted the expert report of Dr. Asif M. Ilyas to Defendant on June 16, 2023. On June 29, 2023, Defendant requested Dr. Ilyas' availability for a deposition. On June 30, 2023, Plaintiff's counsel provided a fee schedule for Dr. Ilyas listing a deposition fee of $6,000. *See* Fee Schedule of Dr. Ilyas, attached as Exhibit A to the Certification of Kyle I. Platt. The fee schedule does not contain any temporal limitations on the length of the deposition. *Id.* On the basis of the fee schedule Dr. Ilyas provided, Defendant proceeded with scheduling Dr. Ilyas' deposition for July 24, 2023 at 5 PM. *See* Confirmation of Dr. Ilyas' Deposition, attached as Exhibit B to the Certification of Kyle I. Platt. No end time was stated. Dr. Ilyas' office confirmed the date, time, and fee for the deposition on July 10, 2023, requiring Defendant's counsel to sign the confirmation. *Id.* The confirmation does not state that Dr. Ilyas' availability was limited to 5 p.m. to 7 p.m. or that additional fees would be expected for a deposition longer than two hours. *Id.*

On July 24, 2023, Dr. Ilyas' virtual deposition proceeded as scheduled. *See* Excerpts of Transcript of Dr. Ilyas Deposition, attached as Exhibit C to the Certification of Kyle I. Platt, at 91:24 – 93:9. Approximately one hour and forty five minutes into his deposition, and in the middle of Defendant's examination, Dr. Ilyas unilaterally ended his deposition. *Id.* Dr. Ilyas asserted that he had to be at a meeting at 7:00 p.m. and stated that he was ending the deposition at 6:45 p.m. *Id*. at 92:5-8. Defendant's counsel reiterated to Dr. Ilyas and Plaintiff's counsel that Dr. Ilyas was not excused, that Defendant paid for the deposition in accordance with Dr. Ilyas' fee schedule and that Dr. Ilyas did not place any limits on the length of his deposition

in communications about payment or scheduling and Defendant's counsel never provided any assurances regarding the length of the deposition. *Id.* at 92:21-23. In response, Dr. Ilyas stated:

> Yeah, that was my fault. I didn't think the deposition would take more than two hours, and we're at an hour and 45 minutes, and I don't think you're anywhere near done at this point. So were not going to be able to – I'm not going to be able to do it. I have to be somewhere at 7 o'clock, so I have to get going. That is my fault for not saying there's a two-hour limit or whatever limit, but we definitely have to reschedule this.

*Id.* at 92:24 – 93:9.

When asked to provide dates to complete his deposition before the scheduled deadline for completion of discovery on July 30, 2023, Dr. Ilyas stated that he did not think he would have availability to resume the deposition before that date. *Id.* at 94:3-7. In order to facilitate the prompt scheduling of the deposition, that evening, counsel for Defendant emailed Dr. Ilyas' office and requested his availability before July 31, 2023 to resume the deposition. *See* July 24, 2023 Email from Defense Counsel to Dr. Ilyas' Office, attached as Exhibit D to the Certification of Kyle I. Platt. Dr. Ilyas notified counsel for Plaintiff via email that he would be available to resume the deposition on August 1, 2023, or August 2, 2023 from 5:00 p.m. to 7 p.m. *See* July 24, 2023 Email from Dr. Ilyas to Plaintiff's Counsel, attached as Exhibit E to the Certification of Kyle I. Platt. Both of the times Dr. Ilyas suggested are after the end of the applicable discovery deadline. Based on further communications between counsel, Defendant noticed the deposition of Dr. Ilyas on August 1, 2023 from 4:00 p.m. to 6:00 p.m. *See* Notice of Deposition, attached as Exhibit F to the Certification of Kyle I. Platt.

Dr. Ilyas' email regarding his availability to complete his deposition stated that he would "be charging an hourly rate of $2,000/hour for additional deposition time." *See* Exhibit E to the Certification of Kyle I. Platt. These fees are not contemplated by Dr. Ilyas' Fee Schedule or the confirmation of deposition prepared by Dr. Ilyas' office. *See* Exhibit A to the Certification

of Kyle I. Platt; Exhibit B to the Certification of Kyle I. Platt. In addition, requiring Defendant to pay $10,000 to complete a deposition of four hours or less is unreasonable. As a result, Defendant objected to the additional deposition fee. *See* July 26, 2023 Email from Defense Counsel to Plaintiff's Counsel, attached as Exhibit G to the Certification of Kyle I. Platt. Dr. Ilyas refused to appear for deposition without the payment of an additional $2,000 per hour. *See* July 27, 2023 Email from Plaintiff's Counsel to Defense Counsel, attached as Exhibit H to the Certification of Kyle I. Platt.

## II. ARGUMENT

### A. The Court Should Compel Dr. Ilyas Must to Finish His Deposition Without the Payment of Additional Expert Witness Fees by Defendant.

The Federal Rules of Civil Procedure provide that "[u]nless manifest injustice would result, the court must require that the party seeking discovery. . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Fed. R. Civ. P. 26(b)(4)(E). However, "[w]hile a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert[.]" *Grady v. Jefferson Cty. Bd. of Cty. Comm'rs*, 249 F.R.D. 657 (D. Colo. 2008) (holding that party who deposed expert not obligated to pay expert witness's $2000 per hour deposition fee and describing $2000 per hour fee as "extortionate"). The plain language of the rule requires that the fee charged by the expert be reasonable. Fed. R. Civ. P. 26(b)(4)(E). In addition, the manifest injustice standard applies in two instances: payment can be excused either if the deposing party is indigent or if requiring the payment would "create an undue hardship." *Ndubizu v. Drexel Univ.*, No. 07-3068, 2011 U.S. Dist. LEXIS 140792 (E.D. Pa. Nov. 16, 2011).

Here, Dr. Ilyas' demand for an additional $4,000 to continue the deposition he unilaterally ended without Defendant's consent is contrary to Rule 26(b)(4)(E). First, a fee of

$10,000 for a deposition that will not exceed four hours is not reasonable. Second, allowing Dr. Ilyas to change his fee schedule mid-deposition would present an undue hardship to Defendant and therefore manifest injustice would result to Defendant. Defendant already paid Dr. Ilyas $6,000 for his deposition in accordance with the Fee Schedule Dr. Ilyas provided in advance of his deposition. *See* Exhibit B. to the Certification of Kyle I. Platt. That Fee Schedule placed no limits on the length of the deposition. *See* Exhibit A to the Certification of Kyle I. Platt. Similarly, the confirmation Dr. Ilyas' office prepared and sent to Defendant's counsel does not state that the deposition was limited to two hours. *See* Exhibit B to the Certification of Kyle I. Platt. Because the fee demanded by Dr. Ilyas is unreasonable and Defendant was not on notice of any fees for Dr. Ilyas' deposition apart from the $6,000 it already paid, this Court should compel Dr. Ilyas to finish his deposition without requiring Defendant to pay any additional fees. *See Ey v. Sam's E., Inc.*, 2020 U.S. Dist. LEXIS 88783 (S.D.N.Y. May 12, 2020) (holding doctor's expert witness fee of $7,500 to be disproportionate and limiting fees to $400 per hour); *Grady*, 249 F.R.D. 657 (describing $2000 per hour expert witness fee as "extortionate"). *Fiber Optic Designs, Inc. v. New Eng. Pottery*, LLC, 262 F.R.D. 586 (D. Colo. 2009) (holding party who deposed expert not obligated to pay expert witness previously undisclosed witness agency fee). Regardless, the $2,000 per hour fee Dr. Ilyas is attempting to impose on Defendant is extraordinary.

### B. The Court Should Amend the Scheduling Order <u>Based on the Delay Caused by Dr. Ilyas' Actions</u>

The Federal Rules of Civil Procedure permit the modification of scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). Good cause to modify a scheduling order exists where an expert witness prematurely terminates a deposition at no fault of the deposing party. *See Kerr v. Sw. Airlines, Co.*, No. 1:19-cv-05839-JPB, 2021 U.S. Dist. LEXIS 47376 (N.D. Ga.

Mar. 15, 2021). In *Kerr*, the court found that there was good cause to modify the discovery deadlines because the expert witness terminated the deposition early and it was not the fault of the deposing party. *Id.* at *6. Because the deposing party noticed the deposition approximately five weeks before the close of discovery, the court extended discovery for five weeks. *Id.*

Here, Defendant originally noticed the deposition of Dr. Ilyas for July 24, 2023, six days before the end of the discovery deadline and 11 days before the August 4, 2023 deadline for submission of dispositive motions and *Daubert* motions pursuant to the Court's .April 12, 2023 (Dkt. 13) scheduling Order, as modified by the Court's May 31, 2023 Order (Dkt. 18). Based on Dr. Ilyas' actions, Defendant will not be able to complete the deposition of Dr. Ilyas until August 1, 2023 at the earliest. The completion of Dr. Ilyas' deposition is necessary for Defendant's anticipated *Daubert* motion and dispositive motion. As a result, Defendant will be prejudiced if the deadline for dispositive motions and *Daubert* motions are not extended.[1] Accordingly, Defendant respectfully requests that the Court amend the scheduling Order to make dispositive motions and *Daubert* motions due 11 calendar days following completion of Dr. Ilyas' deposition, which Defendant has now noticed for August 1, 2023. This will give Defendant the same amount of time to complete these motions following completion of Dr. Ilyas' deposition that it would have had if Dr. Ilyas did not unilaterally adjourn his deposition on July 24, 2023. Defendant further requests that the Court amend the deadlines for pretrial filings in paragraphs 17 through 20 of the Court's April 12, 2023 Order to grant a concomitant extension in order to permit the parties to file dispositive motions and *Daubert* motions before

---

[1] Counsel for Defendant has been forced to spend significant, unanticipated time addressing Dr. Ilyas' unilateral cancellation of his deposition by corresponding with Plaintiff's counsel and drafting the present motion that counsel for Defendant otherwise would have been able to spend on the drafting of its dispositive motion and *Daubert* motion.

preparing the required pretrial filings. Plaintiff's counsel has authorized the undersigned counsel to represent that he has no objection to Defendant's request to amend the scheduling order.

## III. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court order Dr. Ilyas to resume his deposition without the payment of additional expert witness fees by Defendant and amend the scheduling order based on the delay in the completion of Dr. Ilyas' deposition that was outside Defendant's control.

Dated: July 27, 2023

Respectfully Submitted,

/s/ *Shannon D. Farmer*
Shannon D. Farmer (Atty. No. 82304)
Kyle I. Platt (Atty. No. 327596)
farmers@ballardspahr.com
plattk@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Attorneys for Defendant The Trustees of The University of Pennsylvania dba Penn Medicine*

**CERTIFICATE OF SERVICE**

I, Kyle I. Platt, hereby certify that on this date, I caused a true and correct copy of the foregoing Motion of Defendant The Trustees of The University of Pennsylvania dba University of Pennsylvania Health System, incorrectly referred to as Penn Medicine To Compel the Testimony of Dr. Asif M. Ilyas and Amend the Scheduling Order to be served on counsel for Plaintiff via the Court's electronic filing system.

s/ *Kyle I. Platt*
Kyle I. Platt

Dated: July 27, 2023